IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ARTHUR L. CRUTCHER,                                    )
                                                       )
                    PLAINTIFF                          )
                                                       )
        v.                                             ) Case No.
                                                       )
NATIVE AMERICAN MAINTENANCE SERVICES                   )
dba GLOBAL MACHINE COMPANY,                            )
a Corporation, RICHARD BENNETT, RYAN BENNETT,          )
JUSTIN PARRY, JEREMY ROUSEY, &                         )
RICK (JOHN DOE),                                       )
                                                       )
                    DEFENDANTS.                        )

                                        JURY TRIAL DEMANDED

## COMPLAINT

**COMES NOW** the Plaintiff pro se and for his Complaint against the Defendants, states;

## I. JURISDICTION AND VENUE

1. The acts and omissions which are the subject of this action occurred in or around
   Muskogee, Oklahoma, Muskogee County, which is located in the Eastern District of
   Oklahoma.

2. This Court has jurisdiction over this action because this controversy involves a
   federal question, specifically the violation of Plaintiff's rights as guaranteed by the
   United States Constitution; his Fifth Amendment rights to be protected against
   deprivation of liberty and property without due process, and his procedural due
   process rights as guaranteed by the Fourteenth Amendment; and violation of the
   provisions of Title VII of Civil Rights Act of 1964; 42 U.S.C. Section 1981; and other
   relevant federal and legal authority.

3. The Defendants individually or collectively actively participated in the denial of
   Plaintiff rights as secured and afforded to him by the United States Constitution
   and/or the laws of the United States. Plaintiff is a member of the class the federal

statutes and constitution are designed to protect. Thus, this Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1331.

4. This Court has venue over this matter because Defendant Global Machine, a corporation, has minimal and substantial contacts with the Eastern District of Oklahoma, and maintains and operates an office in Muskogee, Oklahoma, which is located in the Eastern District of the State of Oklahoma and a substantial part of the events giving rise to Plaintiff's causes of action occurred in the Eastern District of Oklahoma. Thus, venue is proper under 28 U.S.C. Section 1391.

5. Plaintiff gave timely notice of his claims and exhausted the requisite administrative agencies by seeking relief through Equal Employment Opportunity Commission. On June 5, 2014, the agency issued a Notice of Suit Rights affording Plaintiff the right to pursue his claim in District Court within ninety (90) days of receipt. Plaintiff timely files his complaint.

## II. PARTIES

6. Plaintiff, Arthur Crutcher, (hereafter Plaintiff/Crutcher) hereby incorporates by reference paragraphs 1-5 as fully set forth herein.

7. Plaintiff is and at all times mentioned in this Complaint, an individual who resides in or around Muskogee, Oklahoma, located in Muskogee County. At all times relevant to the issues of this Complaint, the Plaintiff was employed as an employee for Defendant Global Machine, a private Corporation (hereafter Global Machine).

8. The location where a substantial part of the events or omissions giving rise to Plaintiff's lawsuit took place at the company's business in Muskogee, Oklahoma, in Muskogee County. Defendant was responsible for the actions of individuals that

were acting within the scope of their employment, as agents, servants, supervisors, and employees of Global Machine and employed by Global Machine at the time of the alleged conduct.

9. Defendant individual, Richard Bennett, is President of the Defendant Corporation during the dates alleged by Plaintiff. Defendant Richard Bennett maintained immediate and direct supervisory authority over Plaintiff, and actively participated and engaged in racially discriminatory, retaliatory, and unlawful conduct toward Plaintiff resulting in adverse employment action and termination and/or ratified same.

10. Defendant individual, Ryan Bennett is the Project Manager of the Defendant Corporation during the dates alleged by Plaintiff. Defendant Ryan Bennett maintained immediate and direct supervisory authority over Plaintiff, and actively participated and engaged in racially discriminatory, retaliatory, and unlawful conduct toward Plaintiff resulting in adverse employment action and termination and/or ratified same.

11. Defendant individual, Justin Parry is the Operations Manager of the Defendant Corporation during the dates alleged by Plaintiff. Defendant Parry maintained immediate and direct supervisory authority over Plaintiff, and actively participated and engaged in racially discriminatory, retaliatory, and unlawful conduct toward Plaintiff resulting in adverse employment action and termination and/or ratified same.

12. Defendant individual, Jeremy Rousey is a supervisory employee of Defendant Corporation during the dates alleged by Plaintiff. Defendant Rousey maintained immediate and direct supervisory authority over Plaintiff, and actively participated

and engaged in racially discriminatory, retaliatory, and unlawful conduct toward Plaintiff resulting in adverse employment action and termination and/or ratified same.

13. Defendant individual, Rick (John Doe) is a supervisory employee of Defendant Corporation during the dates alleged by Plaintiff. Defendant Rick (John Doe) maintained immediate and direct supervisory authority over Plaintiff, and actively participated and engaged in racially discriminatory, retaliatory, and unlawful conduct against Plaintiff resulting in adverse employment action and termination and/or ratified same.

## III.   ALLEGED FACTS

14. Plaintiff hereby incorporates by reference paragraphs 1-13 as fully set forth herein.

15. Plaintiff is a member of a protected class by virtue of his race (African American).

16. Plaintiff belongs to a protected class and was subjected to discrimination by Defendants because of his African American race, and *a hostile work environment and retaliation, which resulted in adverse employment action and termination.*

17. Plaintiff was subjected to discrimination and adverse employment action and was treated differently than similarly situated individuals who are not members of the protected group.

18. On or about March 2013, Plaintiff was hired as a saw machine operator for Defendant corporation.

19. Individual Defendant's named herein were Plaintiff's supervisors

20. Immediately after beginning employment in about March 2013,

21. Plaintiff was the only African American (Black) employee in this position.

4

22. During Plaintiff's employment, he was harassed, intimidated, and subjected to racially degrading, offensive, and demeaning work environment.

23. The position was advertised at a starting pay rate of $ 11.75 per hour.

24. Plaintiff was paid only $ 10.00 an hour, less than similarly situated non-Black employees and was told by Defendant white supervisors, if he told anyone else how much he made he would be fired.

25. Plaintiff was directed by Defendants to perform tasks that similarly situated non-Black employees were not required to perform.

26. Plaintiff was routinely ordered to by Defendant and other management to perform lawn and yard maintenance in the hot sun, unclog toilets full of human waste and excrement, and clean a bathroom urinal flooded with chunks of tobacco or other waste that was caused by other employees, and not him.

27. Defendant Rousey made monkey gestures and sounds that were directed at Plaintiff to humiliate, degrade, and embarrass him because of his race.

28. Defendants left a monkey ornament, see attached **Exhibit 2,** photo of monkey ornament in Plaintiff's work area with profanity Fu*k You etched into his work station, and Defendant was ordered to clean it up on his own while the other employees subjecting him to further humiliation, degradation, insult and embarrassment.

29. Defendants denied Plaintiff assistance and help with job duties that was offered to similarly situated non-Black employees, and was in violation of safety procedures.

30. No other employees were treated in this degrading, disgusting, offensive and unlawful manner.

31. Defendants discriminated against Plaintiff because they deprived him of pay increase, promotion, and even failed to supply him with a uniform after he completed his 90 days (as employer promised) and was singled out because all similarly situated non-Black employees who had worked for 90 days were provided a uniform.

32. Plaintiff was unable to respond to this conduct because the persons and supervisors would have complained. Defendants herein, individually or collectively actively engaged and participated in the discriminatory conduct.

33. Further, when previous incidents were reported, Defendants retaliated against Plaintiff, and Plaintiff was eventually terminated.

34. Defendants' unlawful and discriminatory conduct continued until Defendants terminated him on about July 10, 2013.

35. No reason was given for the harassment, intimidation, or other demeaning and degrading treatment.

36. The Defendant Corporation took no corrective action.

37. No was reason was given for Plaintiffs termination.

38. Defendants deprived Plaintiff of performance evaluations to notify him or enable him to correct any alleged deficiencies.

39. Plaintiff did not have knowledge or receive from Defendants any write-ups or warnings from Defendant that he was going to be terminated.

40. Further, Plaintiff hereby adopts and incorporates by reference all facts and allegations pled in his EEO Charge filed with the EEO on October 31, 2013 and Narrative alleging Discriminatory Acts No(s). 1-12, attached hereto as **Exhibit 1**.

41. In the alternative, the reason for the discharge was pre-text and fabricated to cover up the Defendants discriminatory action by terminating the Plaintiff.

42. Defendants individually named are employees, supervisors, and agents of Global Machine, and were acting based on authority granted to them by their positions with Global Machine, and as such, there is a legal cause of action against the above-listed Defendants for violating Plaintiff's civil rights.

### IV. CAUSES OF ACTION

43. Plaintiff hereby incorporates by reference paragraphs 1-42 as fully set forth herein.

44. Defendants engaged in discriminatory conduct and Plaintiff suffered adverse employment action including termination in violation of his civil rights.

45. During Plaintiff's employment from about March 2013 to July 10, 2013, Defendant corporation, individuals, and employees, in violation of Plaintiff's civil rights, subjected him to a hostile work environment, that affected a term condition or privilege or his employment and/or had the purpose or effect of unreasonably interfering with his work environment and/or creating a hostile, intimidating, or offensive work environment.

46. During Plaintiff's employment from March 2013 to July 10, 2013, Defendant Corporation, individuals, and employees in violation of Plaintiff civil rights, subjected him to racial discrimination and discriminatory conduct.

47. During Plaintiff's employment from March 2013 to July 10, 2013, Defendant Corporation, individuals, employees, in violation of Plaintiff Garcia's civil rights, subjected him to retaliation for acts including but not limited to engaging in protected EEO activity.

48. Defendants negligently failed to supervise, direct and train its employees which resulted in the unlawful conduct alleged by Plaintiff, including but not limited to racial discrimination, hostile work environment, unfair treatment and retaliation, all of which resulted in his termination.

## V. PUNITIVE/EXEMPLARY DAMAGES

49. Paragraphs 1-48 are incorporated by reference.

50. Plaintiff is entitled to recover exemplary damages herein for the following reasons:

51. In light of the above allegations, Plaintiff should be awarded an additional sum not as compensation, but for the sake of example to others, to punish, and to deter others from such acts shocking to the conscience.

## VI. DAMAGES/REMEDIES

52. Plaintiff prays for judgment as follows:

**FIRST:**     For actual damages in excess of $ 75,000.00, the exact amount of which is to be ascertained and proved at trial jointly and severally against all the named Defendants:

**SECOND:**     For punitive/exemplary damages in excess of $ 75,000.00, the exact amount of which is to be ascertained and proved at trail jointly and severally against all the named Defendants;

**THIRD:**     For all costs of this action, together with interest before and after judgment as provided by law; and for such other and further relief as the Court may deem just and proper.

**WHEREFORE**, PREMISES CONSIDERED, Plaintiff prays this Court award damages in excess of $ 75,000.00 from the Defendants, punitive and exemplary damages, and attorney's fees, costs, interest and any such further relief this court deems just and proper.

8

RESPECTFULLY SUBMITTED,

_____

Lowell G. Howe, OBA # 20075
HOWE LAW FIRM, P.C.
P.O. Box 1972; 436 Court Street, Suite C
Muskogee, OK  74402
Ph:  (918) 683-5529; Fx: 683-5528
ATTORNEY FOR PLAINTIFF

## VERIFICATION

State of Oklahoma, County of _Muskogee_____, ss:

I, **ARTHUR CRUTCHER,** of lawful age and being first duly sworn upon oath, states: I am **ARTHUR CRUTCHER**, PLAINTIFF, above named. I have read the foregoing and state that all statements contained therein are true and correct according to my best information and belief.

_____
**ARTHUR CRUTCHER**

Subscribed and sworn to before me on this 4th day of September 2014.

_____
Notary Public

| NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA | Christie E Howe<br>Comm. # : 09000330<br>Exp. Date: 1-9-2017<br>County: Muskogee |
|---|---|



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE    564-2014-00108

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form is reviewed to determine EEOC coverage. **Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please Print.**

**1. Personal Information**

Last Name: CRUTCHER          First Name: ARTHUR          MI: LEE

Street or Mailing Address: 2501 N. 17TH STREET          Apt Or Unit #:

City: MUSKOGEE          County: MUSKOGEE          State: OK          ZIP: 74401

Phone Numbers: Home: ( 918 ) 391-0977          Work: ( 918 ) 360-0741

Cell: ( 918 ) 889-5022          Email Address:

Date of Birth: 07-07-1956          Sex: Male ◉   Female ○          Do You Have a Disability?   ○ Yes   ◉ No

**Please answer each of the next three questions.**   i. Are you Hispanic or Latino?   ○ Yes   ○ No

ii. What is your Race? Please choose all that apply.   ☐ American Indian or Alaska Native   ☐ Asian   ☐ White
☒ Black or African American   ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)?

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: LOWELL G. HOWE, ATTORNEY AT LAW          Relationship: ATTORNEY

Address: 436 COURT STREET, STE. # C          City: MUSKOGEE          State: OK   Zip Code: 74401

Home Phone: (    )          Other Phone: ( 918 ) 683-5529; FX 5528

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: GLOBAL MACHINE, INC. AKA NATIVE AMERICAN MAINTENANCE, INC.

Address: 2000 ANDERSON DRIVE          County: MUSKOGEE

City: MUSKOGEE          State: OK   Zip: 74401          Phone: ( 918 ) 682-5700

Type of Business: STEEL COMPANY          Job Location if different from Org. Address: SAME

Human Resources Director or Owner Name: BENNET, SR. (OWNER)          Phone: 918-682-5700

**Number of Employees in the Organization at All Locations:** Please Check (√) One

☐ Fewer Than 15   ☒ 15 - 100   ☐ 101 - 200   ☐ 201 - 500   ☐ More than 500

**3. Your Employment Data** (Complete as many items as you can)   Are you a Federal Employee?   ○ Yes   ◉ No

Date Hired: 3-2013          Job Title At Hire: SAW MACHINE OPERATOR

Pay Rate When Hired: 10.00          Last or Current Pay Rate: 10.00

Job Title at Time of Alleged Discrimination: SAW MACH. OPERATOR          Date Quit/Discharged: 7-10-2013

Name and Title of Immediate Supervisor: JUSTIN PARRY, JEREMY, RICK, BENNETT, JR. & BENNETT, SR.

PETITIONER'S EXHIBIT 1

If Job Applicant, Date You Applied for Job  2-20-2013          Job Title Applied For  Saw Mach. Ope/Forklift Op./Warehouse

**4.  What is the reason (basis) for your claim of employment discrimination?**
*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☒ Race  ☐ Sex ☐ Age ☐ Disability  ☐ National Origin ☐ Religion  ☒ Retaliation  ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; choose which type(s) of genetic information is involved:

☐ i. genetic testing     ☐ ii. family medical history     ☐ iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:  N/A

If you checked genetic information, how did the employer obtain the genetic information?  N/A

Other reason (basis) for discrimination (Explain).

**5.  What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you.  **Please attach additional pages if needed.**
*(Example: 10/02/06 - Discharged by Mr. John Soto, Production Supervisor)*

A) Date:                         Action: SEE EEO COMPLAINT NARRATIVE, EXH. 1, ATTACHED.

Name and Title of Person(s) Responsible:

B) Date:                         Action: SEE EEO COMPLAINT NARRATIVE, EXH. 1, ATTACHED.

Name and Title of Person(s) Responsible: SEE EEO COMPLAINT NARRATIVE, EXH. 1, ATTACHED.

**6.  Why do you believe these actions were discriminatory? Please attach additional pages if needed.**
SEE EEO COMPLAINT NARRATIVE, EXH. 1, ATTACHED.

**7.  What reason(s) were given to you for the acts you consider discriminatory?  By whom?  His or Her Job Title?**
SEE EEO COMPLAINT NARRATIVE, EXH. 1, ATTACHED.

**8. Describe who was in the same or similar situation as you and how they were treated.  For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance?  Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination.  For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.  Use additional sheets if needed.**

**Of the persons in the same or similar situation as you, who was treated *better* than you?**

| A.  Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
|  | SEE EEO COMPLAINT NARR. EXH. 1, ATTCH |  |

Description of Treatment  SEE EEO COMPLAINT NARR. EXH. 1, ATTCH

| B.  Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
|  | SEE EEO COMPLAINT NARR. EXH. 1, ATTCH |  |

Description of Treatment  SEE EEO COMPLAINT NARR. EXH. 1, ATTCH

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| | SEE EEO COMPLAINT NARR. EXH. 1, ATTCH | |

Description of Treatment  SEE EEO COMPLAINT NARR. EXH. 1, ATTCH

| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| | SEE EEO COMPLAINT NARR. EXH. 1, ATTCH | |

Description of Treatment  SEE EEO COMPLAINT NARR. EXH. 1, ATTCH

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| | SEE EEO COMPLAINT NARR. EXH. 1, ATTCH | |

Description of Treatment  SEE EEO COMPLAINT NARR. EXH. 1, ATTCH

| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| | SEE EEO COMPLAINT NARR. EXH. 1, ATTCH | |

Description of Treatment  SEE EEO COMPLAINT NARR. EXH. 1, ATTCH

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability.  If not, skip to question 13.  Please tell us if you have more than one disability.  Please add additional pages if needed.

9.   Please check all that apply:

☐   Yes, I have a disability

☐   I do not have a disability now but I did have one

☐   No disability but the organization treats me as if I am disabled

10.  What is the disability that you believe is the reason for the adverse action taken against you?  Does this disability prevent or limit you from doing anything?  (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

11.  Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?

Yes ☐   No ☐

If "Yes," what medication, medical equipment or other assistance do you use?

12.  Did you ask your employer for any changes or assistance to do your job because of your disability?

Yes ☐   No ☐

If "YES", when did you ask? _____   How did you ask (verbally or in writing)? _____

Who did you ask?  (Provide full name and job title of person)

Describe the changes or assistance that you asked for.

How did your employer respond to your request?

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| A. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| SEE EEO COMPL. NARR. EXH. 1 | | |

What do you believe this person will tell us?
SEE EEO COMPL. NARR. EXH. 1

| B. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| SEE EEO COMPL. NARR. EXH. 1 | | |

What do you believe this person will tell us?
SEE EEO COMPL. NARR. EXH. 1

14. Have you filed a charge previously in this matter with EEOC or another agency?   Yes ☐   No ☒

15. If you have filed a complaint with another agency, provide name of agency and date of filing:

N/A

16. Have you sought help about this situation from a union, an attorney, or any other source?   Yes ☒   No ☐
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
  Retained Attorney, Lowell G. Howe, 436 Court Street, Suite C., Muskogee, OK 74401
  PH: 918-683-5529; FX: 683-5528; EMAIL: lowellghowelaw@yahoo.com

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

Box 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

Box 2 ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____                    10-21-2013
OBA 20075
        Signature                                   Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a), 42 USC §2000ff-6.
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

Print Form

### Discriminatory Act # 1:

**Date:** From date employment began about March 14, 2013 to June 14, 2013, and through July 10, 2013, Crutcher was discriminated against on basis of Race [Black] andor retaliated against because deprived of being paid $ 11.75 per hour, and only paid $ 10.00 an hour, for first 90 days and up to termination.

**Actions:** Crutcher found the job for a saw operator advertised at $ 11.75 per hour. Justin Parry [supv-White] attempted to hire Crutcher for $ 9.00 an hour, which Crutcher opposed, but still wanted the job. Justin [supv-White] then advised Crutcher that he would start him at $ 10.00 for the first 90 days, then increase his pay to $ 11.75 an hour once Crutcher completed his first 90 days. Justin [supv-White] reprimanded and threatened Crutcher on the day hired, *"Don't tell any other employees what you are making, or I will fire you on the spot." "Do your 90 days, and I will give you the regular wages [$ 11.75 per hour."]*. Crutcher needed a job and did not want to risk losing an employment opportunity. Therefore, he was left with no alternative but to accept the job at a rate lower than promised. Crutcher successfully completed his first 90 days. Crutcher successfully completed the 90 days without any write-ups, no missed workdays, tardies, or other employee violations. Justin [supv-White] did not increase Crutcher's pay as agreed. Crutcher notified Justin [supv-White] that his 90 days was up, and that he was due the raise as agreed. Justin [supv-White], admonished Crutcher, *"I don't have to evaluate you right at 90 days, but I'll get around to you."* Justin [supv] never evaluated Crutcher, which was his alleged condition for Crutcher to receive his pay increase. Crutcher was the only Black saw operator. Crutcher was the only saw operator making $ 10.00 an hour, which was less than the other saw operators.

### Names and titles of Persons who Discriminated against Claimant:

1. Justin Parry [supv-White].

### Witnesses:

1. Arthur Crutcher.

**Not Reported** by Crutcher because Justin (supv-White), head supervisor was actively engaged and participated in the discriminatory conduct. Crutcher did not bring this discrimination in pay up as his employment continued because management failed to take corrective or disciplinary action and failed to reasonably investigate, when prior incidents were reported, and Crutcher was reprimanded when he reported, and he feared further retaliation.

PETITIONER'S
EXHIBIT
1

## Discriminatory Act # 2:

**Date:** About May 2013 (3rd or last week of May), about 15-20 minutes before lunch break, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:**  Claimant, Arthur Crutcher ["Crutcher"], male, Black/ African American, only Black person working on the job site. Job duty requires flipping a piece of iron and moving iron from field to work station. This requires two people to flip and carry to work station. Crutcher and other employees are directed during morning safety meetings by Justin Parry (supv) to assist one another with moving, lifting, transporting iron to work station to avoid injury. Crutcher requested assistance from his direct supervisor, Jeremy (White-supv) to help him with moving iron to work station. Jeremy (supv) refused to help Crutcher instead yelling at him, *"You've been here long enough, you can do it by yourself."* Jeremy's (supv) refusal and actions were in violation of safety procedures. Jeremy (White-supv) would assist other whites or non-Black employees with moving iron and helping them with their work. Crutcher was singled out and discriminated by Jeremy (White-supv) because of his race, Black.

## Names and titles of Persons who Discriminated against Claimant:

1.  Jeremy-(claimant's direct supv-White).
2.  Justin Parry, (Jeremy's direct supv (White)).

## Witnesses:

1. Claimant: Arthur Crutcher.

2. Carl:  Carl observed Jeremy (supv-White) yelling at Crutcher, and questioned Jeremy about why Jeremy was not helping Crutcher when he was suppose to; and *told "Jeremy to stop hollering at Crutcher, and to talk to Crutcher like he was a human."* Jeremy said, *"I'm tired of working with him."* Carl directed Crutcher to report it to Jeremy's supv (Justin Parry).

**Reported** a couple minutes after happened to Justin Parry (supv-White); about 1pm on that same day; providing notice of Jeremy's wrongful conduct, hollering and demeaning Crutcher and not helping Crutcher like directed at safety meetings. Justin fails to take disciplinary or any corrective action toward Jeremy, or reasonably investigate, thus *ratifying* Jeremy's wrongful conduct, and instead, reprimands Crutcher, saying, *"He's [referring to Jeremy] your supervisor and you do what he tells you. You all need to work that out because he's your supervisor"*, and *"Well you need to get with the program, or we don't need you out here"*. Justin (supv-White), head supervisor and Jeremy [supv-White] actively engaged and participated in the discriminatory conduct.

2

Arthur Crutcher v. Global Machine, Inc. [aka Native American Maintenance]
EEO Complaint Narrative, Exh. 1

### Discriminatory Act # 3:

**Date:**  About, May 2013 (3rd or last week of May), after 9am morning break, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:**      Jeremy (supv-White) looked directly at Crutcher (who was near his work station) and made a monkey gesture and monkey sounds directly to Crutcher. Carl told Jeremy to *"Stop."* Carl stepped in and said *"that man's old enough to be your daddy, you should have been raised better than that, and you need to stop talking to him like that."* Jeremy responds, *"I told him to lock that on there."* Carl says, *"that's what your doing wrong, you don't tell him, you show him and ask him".*

### Names and titles of Persons who Discriminated against Claimant:

1.  Jeremy, direct supv (White).

### Witnesses:

1.  Claimant, Arthur Crutcher.
2.  Carl:       Anticipated testimony is that Carl observed Jeremy (supv-White) stepped in and said *"that man's old enough to be your daddy, you should have been raised better than that, and you need to stop talking to him like that."* Jeremy responds, *"I told him to lock that on there."* Carl says, *"that's what your doing wrong, you don't tell him, you show him and ask him".*

**Not Reported** by Crutcher because supervisor (Justin Parry-White) failed to take corrective or disciplinary action and failed to reasonably investigate, when last incident reported, and Crutcher was reprimanded by Parry when he reported last incident, and feared further retaliation. Further, Jeremy [supv-White] actively engaged and participated in the discriminatory conduct.

3

### Discriminatory Act # 4:

**Date:** June 2013 (Beginning of June) after 9am morning break, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:** Crutcher returns to work station after morning break. Crutcher discovers a monkey ornament lying up **[See Exh. 2]** against his saw blade, with derogatory langue "FU*K YOU" etched in his workstation with a marker used in the shop. Mr. Bennett (son of the owner) was walking through the work area. That Mr. Bennett looked at the writing and monkey ornament, and ordered Crutcher, *"to clean it up"*. Crutcher was left with no alternative but to walk across work area to get the products to clean his desk, even though someone else etched in the slur coupled with the derogatory racial gesture using the monkey ornament. Crutcher suffered severe humiliation and embarrassment in front of other employees because of the racial derogatory words and ornament, but also because he was ordered by the boss to clean it up.

### Names and titles of Persons who Discriminated against Claimant:

1. Mr. Bennett, son of owner.
2. Jeremy, direct supv (White).
3. Unknown employee.

**Witnesses:**

1. Claimant, Arthur Crutcher.
2. Brent: Observed the derogatory writing and monkey ornament. Brent observed Crutcher notify Mr. Bennett (son of the owner) of the derogatory writing etched in his workstation and monkey ornament. That Mr. Bennett looked at the writing and monkey ornament, and ordered Crutcher to clean it up.
3. Chris: Observed the derogatory writing. Chris observed Crutcher notify Mr. Bennett (son of the owner) of the derogatory writing etched in his workstation and monkey ornament. That Mr. Bennett looked at the writing and monkey ornament, and ordered Crutcher to *"clean it up"* (which Crutcher did with Commando Cleaner, spray and rags.

**Reported:** Crutcher reported it to Mr. Bennett (son of the owner) right after it happened when Bennett was visiting the job site. Bennett failed to take corrective or disciplinary action, and failed to reasonably investigate, *ratifying* the conduct, and instead ordered Crutcher to clean it up. Mr. Bennett (son of the owner) actively engaged and participated in the discriminatory conduct. Jeremy [supv-White] is likely the person who etched F**k You in Crutcher's desk, and placed the monkey ornament on his desk.

4



Arthur Crutcher v. Global Machine, Inc. [aka Native American Maintenance]
EEO Complaint Narrative, Exh. 1

### Discriminatory Act # 5:

**Date:** About June 2013, during the morning after 9am break, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:**     Justin (supv-White) called Crutcher to his office and ordered Crutcher to perform lawn maintenance and pull the tall weeds just outside the building where employees enter to clock in. Crutcher's job duties did not include or require performance of lawn and yard maintenance. Crutcher was the only saw machine operator that was sent to do yard work. Crutcher told Justin (supv-White) *that he had a 40 ft. long beam on his saw, and that Brett was waiting on [Crutcher] to cut his order, that was important.* Crutcher advised Justin (supv-White) *that there was a lawn service that does the yard maintenance, every 2 weeks.* Justin (supv-White) fired back, *reprimanding* Crutcher, *"Go pull the weeds up, or get off the property."* Crutcher complied with this discriminatory directive out of fear of losing his job. Crutcher was left with no alternative but to pull the weeds in the hot sun. Other employees, including Donny and Dean (two brothers) saw Crutcher getting muddy and dirty from yanking the weeds from the ground. Jeremy [white-Supv] participated in bullying Crutcher because he ordered Crutcher, *"You need to get the weeds out of there because its gonna stop the drain up."* Another supv, told Crutcher, *"Don't worry about that, that [weeds] is not going to stop that drain up."* Crutcher suffered severe humiliation and embarrassment in front of other employees. A lawn/yard maintenance service was responsible for pulling the weeds and other maintenance, not Crutcher.

### Names and titles of Persons who Discriminated against Claimant:

1.   Justin [supv-White].
2.   Jeremy [supv-White].

**Witnesses:**

1. Amber-within hearing range in Justin [supv-White] ordered Crutcher.

2. Dean, observed Crutcher pulling the weeds.

3. Other supv, observed Crutcher and said *"Don't worry about that, [weeds] is not going to stop that drain up."*

**Not Reported** by Crutcher because supervisors Justin [supv-White] and Jeremy [supv-White] actively engaged and participated in the discriminatory conduct, and because management failed to take corrective or disciplinary action and failed to reasonably investigate, when prior incidents were reported, and Crutcher was reprimanded when he reported, and he feared further retaliation.

5



Arthur Crutcher v. Global Machine, Inc. [aka Native American Maintenance]
EEO Complaint Narrative, Exh. 1

### Discriminatory Act # 6:

**Date:** About June 2013, during the morning, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:**      Crutcher was searching for his work order because it was not on his workstation where it was suppose to be. Crutcher goes to office for assistance and asks Rick (supv-White) where his work order is because it's not at his station. Rick (supv-White) yelled at Crutcher, *"How the fu\*k am I suppose to know, you get your ass back there and look for it."* Amber (secretary) steps in and says, *"You don't have to yell at him."* Rick leaves and walks to Justin's (supv-White) office, and then says, *"I don't know where your work order is at."* Then, Rick looks at Amber and says, "*Is that good enough for you?*" Amber located work order in computer and Crutcher returned to work station and prepared work order.

**Names and titles of Persons who Discriminated against Claimant:**

1.     Rick (supv-White).

**Witnesses:**

1. Claimant, Arthur Crutcher.
2. Amber (secretary): Amber (secretary) steps in and says, *"You don't have to yell at him."* Rick leaves and walks to Justin's office, and then says, *"I don't know where your work order is at."* Then, Rick looks at Amber and says, "*Is that good enough for you?*" Amber located work order in computer and Crutcher returned to work station and prepared work order.

**Not Reported** by Crutcher because supervisor (Rick-White) actively engaged and participated in the discriminatory conduct, and because management failed to take corrective or disciplinary action and failed to reasonably investigate, when prior incidents were reported, and Crutcher was reprimanded when he reported, and he feared further retaliation.

### Discriminatory Act # 7:

**Date:** About June 2013, during the morning, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:** Crutcher was at his workstation. Jeremy (supv-White) was showing Rick (supv-White) how to use blue prints and supervise workers in their job. Jeremy (supv-White) was by Crutcher's work station talking to Rick (supv-White) and made the racially derogatory remark, "That {referring to Crutcher} *dumb ass coon doesn't know how to read a work order.*" Rick (supv-White) laughed at what Jeremy said and then Rick looked over at Crutcher.

### Names and titles of Persons who Discriminated against Claimant:

1. Jeremy (supv-White).
2. Rick (supv-White).

**Witnesses:**

1. Claimant, Arthur Crutcher.

**Not Reported** by Crutcher because Rick (supv-White) and Jeremy (supv-White) actively engaged and participated in the discriminatory conduct, and because management failed to take corrective or disciplinary action and failed to reasonably investigate, when prior incidents were reported, and Crutcher was reprimanded when he reported, and he feared further retaliation.



Arthur Crutcher v. Global Machine, Inc. [aka Native American Maintenance]
EEO Complaint Narrative, Exh. 1

### Discriminatory Act # 8:

**Date:** About June 2013, in the afternoon around 1pm-2pm, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:** The bathroom toilet was clogged up with toilet paper, human feces and urine. Crutcher did not cause the toilet to be clogged or flood. Crutcher was not told by anyone that he had clogged or flooded the toilet. Rick [supv-White] and Justin [supv-White] unlawfully discriminated and retaliated against Crutcher. Rick [supv-White] told Crutcher *"Justin [supv-White] ordered Crutcher working at his saw machine to fix the clogged toilet"*. Crutcher's job title was saw machine operator. His job duties did not include or require performance of janitorial or bathroom maintenance. Crutcher was the only saw machine operator that was sent to clean up the mess. Crutcher was the only Black saw machine operator. Chris, welder, asked Rick [supv], *"What's wrong with it [toilet], probably need a plumber? "* Rick responds, *"it don't need a plumber, it just needs to be plunged."* Carl, blue print builder, said to Rick [supv], *"It [cleaning the toilet] ain't his [Crutcher's] job*, and shook his head in disgust. Thomas told Rick, *"If the only thing it needs is plunged, you go do it."* Rick fired back at Thomas, *"F**k you."* Crutcher complied with this discriminatory directive out of fear of losing his job. Crutcher had to hand plunge the toilet causing another person's fowl smelling urine and feces to splash onto him. When Crutcher was finishing up with the *mopping, Justin came into the bathroom where Crutcher was.* Justin [supv-White] told Crutcher, *"If you have a problem following instructions, then you need to go [referring to Crutcher being fired]."* Crutcher suffered severe humiliation and embarrassment and was laughed at by other employees. When Crutcher was finished, Richard (didn't think it was right), shook his head in disgust, and told Crutcher, *"Just hang in there."* A cleaning service was responsible for cleaning the bathroom, toilets, urinals and other bathroom maintenance, not Crutcher.

### Names and titles of Persons who Discriminated against Claimant:

1. Justin (supv-White).
2. Rick (supv-White).

### Witnesses:

1. Claimant, Arthur Crutcher.
2. Chris, welder, asked Rick [supv-White], *"What's wrong with it [toilet], probably need a plumber? "* Rick responds, *"It don't need a plumber, it just needs to be plunged."*
3. Thomas, welder, told Rick, *"If the only thing it needs is plunged, you go do it."* Rick fired back at Thomas, *"F**k you."*
4. Carl, blue print builder, said to Rick [supv-White], *"It [cleaning the toilet] ain't his [Crutcher's] job,"* and shook his head in disgust.



Arthur Crutcher v. Global Machine, Inc. [aka Native American Maintenance]
EEO Complaint Narrative, Exh. 1

    5. Richard (didn't think it was right), shook his head in disgust, and told Crutcher, *"Just hang in there."*

    6. Brett, blue print builder, shook his head in disgust.

**Not Reported** by Crutcher because Justin (supv-White), head supervisor, and Rick [supv-White] actively engaged and participated in the discriminatory conduct, and because management failed to take corrective or disciplinary action and failed to reasonably investigate, when prior incidents were reported, and Crutcher was reprimanded when he reported, and he feared further retaliation.

9



Arthur Crutcher v. Global Machine, Inc. [aka Native American Maintenance]
EEO Complaint Narrative, Exh. 1

### Discriminatory Act # 9:

**Date:** About June 2013, around the 9am morning break, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:**      The bathroom urinal flooded because a chunk of chewed tobacco was trashed in the urinal, and someone had flushed it, causing it to flood.  Crutcher does not use chewing tobacco. Justin [supv-White] and other employees knew that Crutcher did not use chewing tobacco. Justin [supv-White] unlawfully discriminated and retaliated against Crutcher.  Justin [supv-White] commanded Crutcher to clean the tobacco and urine flooded urinal and puddle.  Brett, blue print builder, told Crutcher *"I don't know why you were asked to do it, you don't chew or dip, have one of them that dip."*  Crutcher's job title was saw machine operator.  His job duties did not include or require performance of janitorial or bathroom maintenance.  Crutcher was the only saw machine operator that was sent to clean up the mess.  Crutcher was the only Black saw machine operator.  Crutcher complied with this discriminatory directive out of fear of losing his job. The other (White) employees observed Crutcher having to pick the tobacco up with a [glove] covered hand, throw it in the trash, and mop the urine-flooded floor.  Crutcher suffered severe humiliation and embarrassment.  Carl, blue print builder, told Crutcher, *"They just picking on you and trying to make you quit."* A cleaning service was responsible for cleaning the bathroom, toilets, urinals and other bathroom maintenance, not Crutcher.

### Names and titles of Persons who Discriminated against Claimant:

　　　　1.　　Justin (supv-White).

**Witnesses:**

　　　　1.  Claimant, Arthur Crutcher.
　　　　2.  Thomas, welder.
　　　　3.  Brett, blue print builder; Brett told Crutcher *"I don't know why you were asked to do it, you don't chew or dip, have one of them that dip."*
　　　　4.  Carl, blue print builder; Carl told Crutcher, *"They just picking on you and trying to make you quit."*
　　　　5.  Chris, welder.

**Not Reported** by Crutcher because Justin (supv-White), head supervisor, actively engaged and participated in the discriminatory conduct, and because management failed to take corrective or disciplinary action and failed to reasonably investigate, when prior incidents were reported, and Crutcher was reprimanded when he reported, and he feared further retaliation.

10

Arthur Crutcher v. Global Machine, Inc. [aka Native American Maintenance]
EEO Complaint Narrative, Exh. 1

## Discriminatory Act # 10:

**Date:** About June 14, 2013, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when Employer deprived him of being issued a uniform.

**Actions:**      Justin [supv-White] notified Crutcher at the time of hiring, that his uniform would be issued after completing 90 days probationary status. Crutcher successfully completed the 90 days without any write-ups, no missed workdays, no tardies, or other employee violations. In the morning meeting, Crutcher asked Justin [supv-White] since he completed his 90 days, *"[w]hen he [Crutcher] was going to get his uniform?"* Justin [supv-White] told Crutcher, *"Get with me Monday, and we'll get you measured for your uniform."* On the following Monday, June 17, 2013, at the morning meeting, Crutcher followed up on the status of getting his uniform. Justin told him, *"I'll get with you."* Crutcher, asked Amber if his uniform had been ordered so that he could be measured. Amber told Crutcher the uniforms had not been ordered. Crutcher followed up with Rick [supv-White] who told him, *"I don't know anything about that, ask Justin."* Crutcher repeatedly followed up with Justin [supv-White], and was never issued a uniform, or even measured for uniform. Justin [supv-White], Rick [supv-White], Jeremy [supv-White, and Bennett, Sr. [owner-White] had the authority and responsibility to ensure Crutcher was issued his uniform, and failed to take proper action.

## Names and titles of Persons who Discriminated against Claimant:

2. Justin [supv-White].
3. Rick [supv-White].
4. Jeremy [supv-White].
5. Bennett, Sr. [supv-White].

**Witnesses:**

2. Arthur Crutcher.
3. Amber.
4. Brett.
5. Chris.
6. Carl.

**Not Reported** by Crutcher because Justin (supv-White), head supervisor, Rick [supv-White], Jeremy [supv-White], and Bennett, Sr. [supv-White] actively engaged and participated in the discriminatory conduct, and because management failed to take corrective or disciplinary action and failed to reasonably investigate, when prior incidents were reported, and Crutcher was reprimanded when he reported, and he feared further retaliation.

11



Arthur Crutcher v. Global Machine, Inc. [aka Native American Maintenance]
EEO Complaint Narrative, Exh. 1

### Discriminatory Act # 11:

**Date:** About July 2, 2013, after the lunch break, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:**    Justin (supv-White) and Bennett, Sr. [owner-White] went to Crutcher's workstation. Bennett was questioning employees about who put aluminum can in the scrap metal container [that devalues the scrap metal]. The weather was over 100 degrees outside. Shortly, thereafter, Justin [supv-White] and Bennett Sr. [owner-White] ordered Crutcher to kill the weeds [using a spray pump] that were growing in the scrap metal pile outside, along the fence line, and the other sections of the work yard. Bennett Sr. [owner-White] brought the chemicals and spray pump to mix the weed killer, and told Crutcher how to mix the chemicals. Crutcher's job duties did not include or require performance of lawn and yard maintenance. Crutcher was the only saw machine operator that was sent to do yard work. Crutcher complied with this discriminatory directive out of fear of losing his job. Crutcher was left with no alternative but to spray the weeds in the hot sun. Other employees, including Chris, Carl, Brett and Thomas observed Crutcher having to spray the weeds because Crutcher had to mix and fill the chemical tank at least 3 times. Crutcher spent almost an hour in the 100-degree hot sun spraying the weed killer. Crutcher suffered severe humiliation and embarrassment in front of other employees. A lawn/yard maintenance service was responsible for killing the weeds and other maintenance, not Crutcher.

### Names and titles of Persons who Discriminated against Claimant:

1. Justin [supv-White].
2. Bennett, Sr. [owner-White].

**Witnesses:**

1. Chris.
2. Carl.
3. Brett.
4. Thomas.

**Not Reported** by Crutcher because supervisors Justin [supv-White] and Bennett, Sr. [owner-White] actively engaged and participated in the discriminatory conduct, and because management failed to take corrective or disciplinary action and failed to reasonably investigate, when prior incidents were reported, and Crutcher was reprimanded when he reported, and he feared further retaliation.

Arthur Crutcher v. Global Machine, Inc. [aka Native American Maintenance]
EEO Complaint Narrative, Exh. 1

### Discriminatory Act # 12:

**Date:** About July 10, 2013, around lunchtime, Crutcher was discriminated against on basis of Race (Black) and/or retaliated against when:

**Actions:**       Crutcher suffered adverse employment action when Justin [supv-White] called him into his office, and fired him without legal justification or excuse. Crutcher was not issued any write ups, no warnings, showed up early or on time for work everyday, no misconduct, and did not receive any performance evaluations to notify him or allow him to cure any alleged work related deficiencies.

### Names and titles of Persons who Discriminated against Claimant:

1. Justin [supv-White]; and all other supervisors that made decisions regarding Crutcher's employment and termination.

**Witnesses:**

1.     Arthur Crutcher.

**Reported** by Crutcher pursuant to EEO rules and regulations within at least 180 days of violations, in this Complaint.

13

October 21, 2013  4:52 PM



PETITIONER'S
EXHIBIT
tabbies
2